*Litchfield,*
July, 1849.

Smith
*v.*
The State.

## Smith *against* The State:

### IN ERROR.

Where a complaint for a statute offence, was preferred to a justice of the peace, by a person claiming to be, and acting as a grand-juror; the defendant demurred to the complaint, and thereupon judgment in chief was rendered against him; he then appealed the cause to the county court; after which, the proceedings being regular on the face of the record, he moved the court to erase the cause from the docket, on the ground that the complainant

*Litchfield,*
July, 1849.

Smith
*v.*
The State.

was not a grand-juror; it was held, 1. that the exception, if otherwise available, was waived, by the demurrer; 2. that the application was made too late.

And where the same matter was pleaded in abatement, in the county court; it was held, on similar grounds, that the plea was not receivable.

An officer *de facto,* acting *colore officii,* is as well qualified to act, while thus in office, as if legally appointed and duly qualified.

Therefore, where the defendant in a complaint preferred against him, by a person claiming to be and acting as a grand-juror of the town of *C,* on the trial, offered evidence to prove, that such person was the last of seven persons appointed at the preceding town meeting of *C,* and was therefore not legally appointed; it was held, that such evidence was inadmissible.

Where the prosecutor, on the trial of a complaint for selling wine and spiritous liquor to *R,* alleged to be a common drunkard, offered evidence to prove, that *R,* during the preceding year, had purchased liquor at other places than the one mentioned in the complaint, and had become drunk thereon; it was held, that such evidence, though not connected with proof of the defendant's knowledge of such facts, was admissible.

And *it seems,* that the sale of spiritous liquor to a common drunkard, is an offence within the statute, whether the seller knew him to be a common drunkard or not.

Where the complaint alleged, that the defendant sold wines, spiritous liquor, or other intoxicating beverage, to *R,* he being a common drunkard; it was held, that the terms, *wine* and *spiritous liquor,* were not of the same import as *other intoxicating beverage;* consequently, the offence was charged in the alternative, and the complaint, on that account, insufficient.

THIS was a complaint, preferred by *Charles Beebe,* as a grand-juror of the town of *Canaan,* to a justice of the peace, against *Gibson Smith,* for selling spiritous liquor contrary to the statute. The complaint contained six counts, the fourth of which was in these words: " That said *Gibson Smith,* heretofore, to wit, at said *Canaan,* on or about the 24th day of *October* 1847, at a certain house, store or shop then and there situate, did wilfully and maliciously sell, and authorize and permit to be sold, wines, spiritous liquor, or other intoxicating beverage, to one *Daniel Root,* being a common drunkard; contrary to the statute in such case made and provided, and against the peace."

The defendant appeared at the justice's court, and demurred to the complaint. The justice overruled the demurrer, and thereupon found the defendant *guilty,* on each count, and sentenced him to pay the fines imposed by the statute for each offence. From this judgment, he appealed to the county court, held at *Litchfield,* in *December* 1847; at which term he appeared, and moved the court to erase the cause from the docket, because, as he alleged, *Charles Beebe,* who

preferred said complaint, and by whom it was signed, as a grand-juror of the town of *Canaan*, was not, at the time when said complaint was preferred, a grand-juror of said town. He also pleaded the same matter in abatement of the proceeding. The court refused to erase the cause from the docket, because it did not appear on the record, that *Charles Beebe* was not a grand-juror of the town of *Canaan*, at the time he preferred the complaint, and the defendant could not introduce testimony *dehors* the record to shew that fact. The court also refused to receive the plea in abatement, because the defendant had not offered it, before the appeal, to the magistrate to whom the complaint was originally brought.

*Litchfield*, July, 1849.

Smith
*v.*
The State.

At the term of the court in *October* 1848, the cause was tried, upon the defendant's plea of *Not guilty*.

On the trial, the counsel for the prosecution offered evidence to shew to the jury, that said *Daniel Root*, to whom, it was claimed, the defendant had sold intoxicating liquor, had purchased liquor at other places than the defendant's store or shop, and that he had been drunk thereon, during the year preceding the date of the complaint, without shewing the defendant's knowledge of such facts. To the admission of the evidence so offered, the defendant objected; but the court permitted it to go to the jury, for the purpose of proving that *Root* was a common drunkard.

To shew that *Charles Beebe*, who preferred the complaint as a grand-juror, was not a grand-juror, the defendant offered evidence to prove, that at a legal town meeting of the town of *Canaan*, holden on the first *Monday* of *October* 1847, for the election of town officers for the then coming year, seven grand-jurors were chosen, the seventh being said *Beebe*; and that he was not otherwise appointed. The counsel for the prosecution objected to this evidence; and the court rejected it.

The court instructed the jury, that if they should find *Daniel Root* to be a common drunkard, and that the defendant sold to him spiritous liquor, at the time and place alleged in the complaint, they should find him *guilty*, whether he knew that *Root* was a common drunkard, or was ignorant of it.

The jury found the defendant *guilty*, on the fourth count;

and *not guilty*, on the other counts. The defendant thereupon filed his motion in arrest of judgment for the insufficiency of the complaint. This motion was overruled; and he was sentenced to pay a fine of ten dollars, and costs of prosecution. The defendant then brought a writ of error in the superior court, which was reserved for the advice of this court.

*Seymour* and *F. Bacon*, for the plaintiff in error, contended, 1. That if the person who preferred the complaint had no authority so to do, the cause was irregularly before the court, and should have been erased from the docket. The written motion, when filed in the cause, became a part of the record; and it was the duty of the court to enquire into the truth of the facts alleged, for the purpose of determining its jurisdiction. A question to the jurisdiction may be raised, by a plea, or a motion to erase; and whenever a court discovers, at any stage, that it has not jurisdiction, it is bound to erase the cause from the docket. The motion is, in effect, a plea to the jurisdiction. 1 *Sw. Dig.* 606. *Ketland*, q. t. v. *The Cassius*, 2 *Dall.* 368. *Commonwealth* v. *Davis*, cited in *Commonwealth* v. *Parker*, 2 *Pick.* 559.

2. That the court erred in rejecting the plea in abatement. The cause was a new one in the county court; and the defendant might plead anew. The fact that the complaint was not signed by proper authority, is matter of abatement, and also matter going to the jurisdiction. *Hinman* v. *Taylor*, 2 *Conn. R.* 357.

3. That evidence that *Root* had purchased liquor at other places than the defendant's store, and had been drunk on it, was improperly admitted to prove that he was a common drunkard. A common drunkard is one, who, by a constant *habit* of drunkenness, has become debased and degraded. This character cannot be shewn, by proving *specific acts* of drunkenness. There would be no limit to such an enquiry, and no rule to guide it. If allowed, it would create immaterial issues; the accused would be taken by surprise, and unable to make a defence.

4. That evidence to prove that *Beebe* was not a grand-juror, was improperly rejected. If he was not a grand-juror, the prosecution fails; and whether he was or not, was

a fact for the jury to determine; the jury being judges of the law and of the matters of fact. Here it was not a question whether he was acting *colore officii*, as in *Plymouth* v. *Painter*, 17 *Conn. R.* 558. but an offer to shew absolutely, that he was never *appointed at all*, but was a *mere usurper* of office.

5. That the court erred, in overruling the motion in arrest. An information charging the offence in the disjunctive, is bad for uncertainty. The offence charged is the selling of "wines, spiritous liquor,"—*or* something else—*viz.* "other intoxicating beverage." Here are not two different forms of speech to express *the same thing*—like *store* and *shop*, in *Barth* v. *The State*, 18 *Conn. R.* 432.—but the different expressions denote distinct substantive offences. *Other* intoxicating beverage cannot be *the same*. *Regina* v. *Jones*, 1 *Car. & Kir.* 243. (45 *E. C. L.* 243.) *Rex* v. *Cooke*, 7 *Car. & Pa.* 559. (32 *E. C. L.* 629.)

*G. H. Hollister* and *Peet*, for the defendant in error, contended, 1. That the court will not dismiss a cause for want of jurisdiction, on a motion to erase it from the docket, unless the objection appear upon the face of the proceeding. When the fact upon which the jurisdiction depends, lies out of the cognizance of the court, it must be presented, by a proper plea. 2 *Sw. Dig.* 386. 1 *Conn. R.* 170. *Nye* v. *Liscombe*, 21 *Pick.* 265, 6. *Simonds* v. *Parker*, 1 *Metc.* 508.

2. That the complainant was at least a grand-juror *de facto;* and that was sufficient. An officer *de facto* is one who exercises the duties of an office, under colour of an appointment or election to that office. *Plymouth* v. *Painter*, 17 *Conn. R.* 558.

3. That the refusal of the county court to receive the plea in abatement, was no ground of error. It was not filed at the proper time, and was in itself defective. Besides, the defendant, by his appeal to the county court, waived his objection to the jurisdiction.

4. That the complaint was sufficient. In the first place, the complaint states the offence *in the words of the statute;* which is generally sufficient; (*Whiting* v. *The State*, 14 *Conn. R.* 487.) and the exceptions to this rule have no application here. But secondly, the terms of the alternative

are *synonymous ;* and thus the case is precisely within the decision in *Barth* v. *The State,* 18 *Conn. R.* 432.

5. That the evidence introduced to shew, that *Root* had purchased and drunk spiritous liquor, by which he was intoxicated, elsewhere than at the defendant's shop, was admissible, as going to prove that he was a common drunkard, and that this must have been notorious. Here *specific acts* of buying, drinking and getting drunk, must be the most *direct* of all proof.

ELLSWORTH, J. We have no doubt on any of the questions made in this case, except the one arising on the sufficiency of the 4th count of the information. Before, however, we express our views on that point, we will, in a few words, dispose of the others.

It was certainly a bold step of the counsel for the accused, to move that a cause should be stricken from the docket, where the record and proceedings were regular and sufficient on their face ; and more so, where judgment had been rendered in chief, and an appeal taken to the higher court for another trial. It was quite too late, and altogether irregular, to start the objection, that the grand-juror, who signed the complaint, had not been legally appointed. If well founded, the objection was waived, by appearing and pleading to the merits below, or else endless confusion will ensue in pleadings.

There would have been more propriety in the motion, if the record had shown a want of jurisdiction ; but this did not appear. We know of no practice, and we should be sorry to sanction one, of erasing from the docket, a cause which is regular on its face, and, as such, within the proper jurisdiction of the court. Such defect as the one supposed in this case, should be brought to the notice of the court, by a plea to the jurisdiction, or in abatement, and properly put upon the record, in a preliminary stage of the trial.

For the same reason, the county court did right in rejecting a plea in abatement. It was too late.

We do not say, that the supposed defect, if true, and pleaded in season, would avail the accused. The grand-juror was chosen *de facto,* and acted *colore officii.* And no principle of law is better settled, than, that public officers *de*

*facto,* acting *colore officii,* are held to be as well qualified to act, while they remain in office, as if legally appointed and duly qualified. In the matter of *Walker,* 3 *Barb. Sup. Ct.* 169.

*Litchfield.*
July, 1849.

Smith
*v.*
The State.

Nor did the county court err, in admitting evidence of particular instances of *Root's* buying and drinking liquor to excess, and becoming intoxicated, on other occasions than the one mentioned in the complaint. This evidence not only conduced to prove, that *Root* was a common drunkard, but it was the best kind of evidence to establish the fact.

Nor did the county court err, in rejecting evidence offered by the accused, under the general issue, to prove, that *Beebe* was not a public officer *de jure,* but only *de facto.* The reasons have just been assigned.

There is one objection remaining, and that, as we have already intimated, is fatal to the prosecution: we mean the defect in the 4th count of the information. We believe that an important principle of law is involved in this question; and that the precedents are too numerous, though not always satisfactory, to allow us to doubt what is our duty. We would remark, that courts in this country, and especially in smaller offences, as prosecutions before justices of the peace, have somewhat relaxed the rigor of the ancient precedents in *England.* In that country, anciently, most offences were felonies, punishable with death; and hence there grew up a system of great technical strictness. Judges, in order to mitigate the administration of inhuman laws, resorted to subtle and trivial distinctions, which, at this day, are of little importance, and but too often used, to rescue the guilty from merited punishment. But these precedents have now made the law, both there and here, and have established rules of proceedings, which we are not at liberty to reject; and the legislature only can interpose to repeal or modify them, if they ought not longer to remain.

It is by no means certain, that the legislature, when they enacted, " if any person should sell wine, spiritous liquor, or other intoxicating beverage, to a common drunkard," &c., had in view more than one offence; it is probable they had not; and that they meant only the offence of selling *intoxicating* liquor to such persons. But then we must take the statute as we find it. We have no doubt there is, in fact, and cer-

tainly there is, in the general apprehension of people, a difference between the liquors mentioned in the statute. Without defining this difference, we cannot interpret the law as meaning the same act, by selling wine *or* spiritous liquor, *or* some *other* intoxicating beverage, although the effect may be the same. The word *other* itself would obviously carry this meaning, were there nothing more in the statute; but the entire clause is unambiguous, and *different* offences are certainly described. In *Barth* v. *The State*, 18 *Conn. R.* 432., we held, that in reference to the particular violation of law *then* on trial, the words *house, store, shop* or *other place,* used for the sale of wine *or* spiritous liquor, meant the *same thing,*—the same offence, by the same means—*i. e.* the *place* of selling, and not the selling. We still approve of that decision, though doubtless, it goes to the verge of the law. But it throws no light on the question now before us. Here, the means of violating the law are distinct and different, each rising *above* and embracing *more* than the preceding. We are constrained, therefore, to apply to this information, the well settled principle of law, that in an indictment or information, the offence may not be laid in the *alternative.* The accused has a right to know, before trial, the *exact single* offence for which he is to be tried. He may not be tried for one act, *or* another, *or* another, at the pleasure of the prosecutor, unless there be as many distinct counts in the information.

The rule we follow may savour of unnecessary exactness, and excite the regret of those, who are labouring to suppress the vice of intemperance; but if we should, in this comparatively unimportant case, break in upon established principles, no one can foresee where such an innovation may carry us in administering criminal law.

We advise that there is manifest error in the record of the county court.

In this opinion the other Judges concurred, except WAITE, J., who was not present.

Judgment to be reversed.