ALBERT T. ELLIOTT *vs.* HAMILTON WILLIS & another.

If one arrested on execution has entered into a recognizance to deliver himself up within ninety days, under *St.* 1857, *c.* 141, § 10, and afterwards desires to take the oath for the relief of poor debtors, he need not apply to the same magistrate who took the recognizance.

In a suit upon a recognizance taken under *St.* 1857, *c.* 141, § 10, the plaintiff cannot inquire into the regularity of the bond of a constable *de facto*, by whom the notice to him of the debtor's application to take the oath for the relief of poor debtors was served.

CONTRACT on a recognizance taken under *St.* 1857, *c.* 141, concerning imprisonment for debt, with condition that the defendant Willis, who had been arrested on an execution in favor of the plaintiff, should within ninety days from the time of his arrest deliver himself up for examination, giving notice as therein provided, and making no default, and abide the final order of the magistrate thereon. At the trial in the superior court, it was agreed that the recognizance was entered into before John Codman, a master in chancery for the county of Suffolk, and, within the time limited therein, Willis delivered himself up for examination to William J. Hubbard, another master in chancery for the same county, by whom a notice to the creditor was issued, and the oath for the relief of poor debtors was administered to him. The notice to the creditor was served by Harum Merrill, who was then, and for a long time had been, an acting constable of the city of Boston, appointed by the mayor and aldermen, and had given a bond running to the city treasurer for the faithful discharge of the duties of the office.

Upon these facts judgment was ordered for the defendants, and the plaintiff appealed to this court.

*B. F. Butler*, for the plaintiff.

*J. G. Abbott & L. Shaw, Jr.*, for the defendants, were not called upon.

DEWEY, J. No breach of this recognizance is shown. The debtor Willis, within ninety days from his arrest, delivered himself up for examination and gave the notice to the creditor in the manner required by law. Mr. Hubbard had full authority to issue this notice, to take the examination, and administer

to him the poor debtors' oath, although the recognizance was taken by another magistrate; and the statute does not require that the subsequent proceedings should be before the same magistrate who took the recognizance. It might have been a more perfect system, as to the records and orderly conduct of the proceedings, to have them confined to a single magistrate; but such is not the provision of the statute, nor would it always furnish the needful facilities for giving the notice and submitting to the examination requisite to the discharge of the duties required by the terms of the recognizance, and to enable him to take the poor debtors' oath. This objection to the legality of the proceedings cannot therefore avail the plaintiff.[*]

2. There is no legal ground for the objection taken to the service of the notice upon the creditor. It is not denied that it was made in proper time and upon the proper person, but it is said to have been given by one who was not a legal officer, competent to serve such process. In the opinion of the court, it was sufficient that the service was made by a person who then was and for a long time had been an acting constable of the city of Boston, having been appointed constable by the mayor and aldermen, and having given a bond, although it was not given to the city of Boston, as it should have been in order to be in entire conformity with the provisions of law regulating the taking and approval of such bonds. *St.* 1851, *c.* 94. It was not competent for the plaintiff on the trial of the present case to avail himself of such informality in the bond of the constable by whom the notice required by law was given. The acts of an officer *de facto* are valid, so far as the rights of third persons who have an interest in those acts are concerned, and the title of such officer to his office cannot be questioned in a suit to which he is not a party. It is enough if he acts under color of an appointment by the only body which has power to make it. *Plymouth* v.

---

[*] At the same term a similar decision was made upon this point in the case of *John Wetherbee, Jr.* v. *Joseph L. C. Amee & another*, which was also an action on a recognizance taken under *St.* 1857, *c.* 141.

*J. G. Abbott*, for the plaintiff.

*A. A. Ranney & S. J. Thomas*, for the defendants

*Painter,* 17 Conn. 588. *Smith* v. *The State,* 19 Conn. 493. *Fowler* v. *Bebee,* 9 . Mass. 231. *Coolidge* v. *Brigham, ante,* 333. This rule is not controlled in its application to the present case by *St.* 1851, *c.* 94, which provides that no constable shall be competent to serve civil process until he has given bond.

3. It is unnecessary to consider the objection taken by the defendants to the validity of this recognizance, as there has been no breach thereof shown. *Judgment for the defendants.*

