CHARLES SEWALL *vs.* JAMES SULLIVAN.

In an action on a recognizance taken by a magistrate under the Gen. Sts. *c.* 124, §§ 10, 11, upon the application of a person arrested on execution to take the oath for the relief of poor debtors, the defendant cannot control or impeach the record of the magistrate by oral testimony.

A writ of *scire facias* in the superior court on a recognizance taken by a magistrate under the Gen. Sts. *c.* 124, §§ 10, 11, may be amended under the Gen. Sts. *c.* 129, §§ 34, 41, to an action of contract.

SCIRE FACIAS against the surety in a recognizance entered into December 24, 1868, under the Gen. Sts. *c.* 124, §§ 10, 11, before the justice of the police court of Salem, by a judgment debtor arrested on execution, that he would deliver himself up for examination on his application to take the oath for the relief of poor debtors.

At the trial in the superior court, before *Putnam,* J., the judge ruled inadmissible parol evidence offered by the defendant to contradict the justice's record of the recognizance, and to show that it was false and fraudulent; directed a verdict for the plaintiff on evidence which it is unnecessary to state in detail; and reported the case for the determination of this court, the verdict to stand if the ruling was correct, otherwise a new trial to be had.

*J. W. Perry,* ( *W. C. Endicott* with him,) for the defendant.

*S. B. Ives, Jr.,* for the plaintiff.

GRAY, J. A recognizance taken by a magistrate, under the Gen. Sts. *c.* 124, §§ 10, 11, of a poor debtor arrested on mesne process or execution, is not required to be returned to any court. *Thacher* v. *Williams,* 14 Gray, 324. Before the record has been extended, the minutes of the magistrate, like the clerk's docket of the proceedings in an action at law, are competent evidence of the taking of the recognizance. *Townsend* v. *Way,* 5 Allen, 426. Any mistake in the record might be amended by the magistrate who took it, as in the case of a recognizance taken before a commissioner and returned into court. *Dike* v. *Story,* 7 Allen, 349. *Commonwealth* v. *Field,* 11 Allen, 488. But the record of the taking of the recognizance, when extended, cannot be contra-

dicted by parol evidence in an action thereon. It was therefore rightly ruled that the evidence offered by the defendant was in‐ competent to control or impeach the record of the magistrate.

As the recognizance was not returnable or returned to the su‐ perior court, the proper form of remedy was by action of contract, and not by writ of *scire facias*, which can only issue from the court having the record on which it is founded. Gen. Sts. *c.* 124, § 46. *Green* v. *Dana*, 13 Mass. 493. *Osgood* v. *Thurston*, 23 Pick. 110. Judgment cannot therefore be rendered for the plaintiff upon the writ in its present form. But the courts hav‐ ing jurisdiction of the subject matter are authorized by statute to allow amendments changing the form of action at any time before final judgment. Gen. Sts. *c.* 129, §§ 34, 41. *Stone* v. *Chamberlain*, 7 Gray, 206. *Merrill* v. *Bullock*, 105 Mass. 486. The plaintiff may therefore be allowed to amend in the superior court by changing his writ of *scire facias* into the ordinary form of a writ and declaration in an action of contract, and, after such amendment, take *Judgment on the verdict.*