STATE *v.* ADAMS. [Merrimack,

---

## STATE *v.* ADAMS & A.

An indictment for being common sellers of "spirituous liquors" does not charge the respondents with being common sellers of ale, porter, and cider ; and evidence of sales of ale, porter, and cider is not admissible under such an indictment.

INDICTMENT, against George H. Adams and Charles G. Adams, for being "common sellers of spirituous liquors."

The State offered evidence that the respondents were common sellers of ale, porter, and cider ; and that these liquors contained from four to ten per cent. of alcohol, which could be separated from them merely by distillation.

To this evidence the respondents objected,—alleging that ale, porter, and cider, not being distilled spirits, are not " spirituous liquor."

The questions thus arising were reserved.

*Flint, solicitor,* for the State.

*Eastman, Page & Albin, Minot, Tappan & Mugridge,* for the respondents.

SMITH, J.   " If any person   *   *   *   *   shall be a common seller of spirituous liquor, he shall be fined," &c.   Gen. Stats., ch. 99, sec. 14.   In the first chapter of the General Statutes, it is enacted that in construing statutes the words " spirituous liquor" shall be taken to include intoxicating liquor, and all mixed liquor, any part of which is spirituous or intoxicating.   Gen. Stats., ch. 1, secs. 1 and 31.   The respondents have not contended that ale, porter, and cider are not intoxicating liquors, or that the sale of those liquors is not prohibited by the statute.   But they say that this indictment does not charge them with selling that description of liquors, and hence that no evidence of sales of ale, porter, and cider is admissible under this indictment.

This objection is well taken.   The indictment charges sales of " spirituous liquors" only.   Fermented liquors are not, in common parlance, " spirituous liquors."   The latter term is popularly used to designate distilled liquors as distinguished from fermented liquors.   It implies " that the beverage is composed in part or wholly of alcohol extracted by distillation"; it does not apply to a liquid whose alcoholic properties are latent, and exist substantially in the same form as in the original material from which the liquid was made.   The fact that ale contains from four to ten per cent. of alcohol, which can be separated from it by distillation, does not bring ale within the class of liquors called spirituous.   If that were the test, fermented milk would be " spirituous," for alcohol can be obtained from it by distillation.   The respondents had a right to suppose that the words " spirituous liquors" were used in the indictment in their ordinary signification, and not in any possible meaning which an ingenious lawyer could plausibly contend they would bear.   The question here is, whether ale, porter, and cider, in their present condition, are ordinarily called " spirituous liquors"; not whether some of their component parts would be so called after certain chemical changes have taken place.   If it be conceded that ale, porter, and cider are intoxicating, that does not alter the case. "The word intoxicating includes a larger class of cases than spirituous.   They bear the relation to each other of genus and species ; all spirituous liquors are intoxicating, but all intoxicating liquors are not spirituous."   SHAW, C. J., in *Com.* v. *Herrick,* 6 Cush. 465, p. 468 ;—see, also, in support of the above, *Walker* v. *Prescott,* 44 N. H. 511 ; 2 Bishop on Crim. Law, 3d ed., sec. 1145 ; METCALF, J., in *Com.* v. *Livermore,* 4 Gray 18, p. 20 ; and in *Com.* v. *Grey,* 2 Gray 501, p. 502 ;

1 Lead. Crim. Cases, 2d ed., 317,—and see *People* v. *Crilley*, 20 Barb. 246, p. 248 ; *Smith* v. *State*, 19 Conn. 493; *Caswell* v. *State*, 2 Humph. 402 ; *State* v. *Moore*, 5 Blackf. 118.

The opinion of Chancellor WALWORTH, in *Nevin* v. *Ladue*, 3 Denio 437, cited by the State, does not conflict with these views. He was discussing the question whether malt liquors are included in the term " strong liquors."

The legislature have enacted that, in construing statutes, the words " spirituous liquor " shall be taken to include intoxicating liquor, and all mixed liquor, any part of which is spirituous or intoxicating. Gen. Stats., ch. 1, secs. 1 and 31. But this rule for the construction of statutes cannot govern in construing this indictment. This distinctly appears from the decision in *State* v. *Canterbury and Boscawen*, 28 N. H. 195, where BELL, J., said (p. 228),—" A small number of definitions were introduced in the Revised Statutes for the sake of brevity, and to prevent the recurrence of several terms, which, by a forced construction, might be included in a single word ; but such definitions can, in the nature of things, have no effect, except in the construction of the statutes themselves. The meaning of language depends on popular usage, which is not and cannot, unless in a very slight degree, be affected by legislation. While, then, the construction of the statutes is governed by legislative definitions, that of indictments is governed entirely by the ordinary use of language.

It seems to us that the supreme court of Massachusetts, in *Com. v. Anthes*, 12 Gray 29, *Com.* v. *Bubser*, 14 Gray 83, and *Com.* v. *Dean*, 14 Gray 99, have misinterpreted the Massachusetts statute of 1855, ch. 215, sec. 1. That section defines the meaning of certain words therein used ; but that definition appears to be given as a rule to determine the meaning of the statute, not as a rule to be applied in construing the same words when used in an indictment. But, whatever may be the correct interpretation of the Massachusetts statute, there is no room for the assertion that the legislature of New Hampshire have attempted to enact that the sale of one article may be charged in an indictment by an allegation of the sale of another and a different article ; and it would seem to be beyond the constitutional power of the legislature to enact such a statute. A legislative enactment, that an indictment for the larceny of a horse may be sustained by proof of the larceny of a watch, would conflict with article 15 of the bill of rights. *Case discharged.*