THOMAS CARLETON *vs.* ENOCH H. WAKEFIELD.

The examination of a poor debtor was fixed for three o'clock at a magistrate's office , a few minutes before four the magistrate postponed the examination till half past four, and left the office. At forty-one minutes past four the creditor left, and at a quarter of five the magistrate returned and waited with the debtor till half past five. *Held*, that there was no breach by the debtor of a recognizance given under the Gen. Sts. *c.* 124, § 10, conditioned to deliver himself up for examination before a magistrate, and appear at the time and place fixed, and from time to time until the examination was concluded, making no default at any time fixed for his examination.

CONTRACT on a recognizance entered into, under the Gen. Sts. c. 124, § 10, by Oliver H. Flanders, as principal, and the defendant, as surety, conditioned that Flanders, who had been arrested on an execution in favor of the plaintiff, would, within thirty days, "deliver himself up for examination, before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time and place fixed for his examination, and from time to time until the same is concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon."

At the trial in the Superior Court, before *Devens*, J., without a jury, it appeared that the examination of the debtor was fixed for June 8, at three o'clock in the afternoon, at the office of a master in chancery; that the parties appeared at the appointed time and place; that the magistrate was not then present, but appeared about eight minutes before four o'clock, adjourned or postponed the hearing until half past four o'clock, nothing being said by either party, and left the office. The magistrate did not remember whether he used the word "adjourned" or "postponed," in announcing the "adjournment" or "postponement" of the case until half past four o'clock.

It also appeared that both the plaintiff and Flanders remained in the office until forty-one minutes past four o'clock, at which time the plaintiff left, and did not return; that Flanders remained until the magistrate returned, which was at fifteen minutes before five o'clock; and that both Flanders and the magistrate remained in the office until half past five o'clock, when the plaintiff not being present, and the magistrate's fee not being paid, Flanders was allowed to depart.

The plaintiff requested the judge to rule "that upon these facts Flanders had committed a breach of his recognizance, because he had no magistrate present at or before half past four o'clock, after the adjournment or postponement above referred to; and that the plaintiff was entitled to a verdict;" but the judge refused so to rule, and found for the defendant. The plaintiff alleged exceptions.

*T. Carleton, pro se.* At an adjournment from one day to another one hour has been fixed upon as the reasonable time for the appearance of parties. *Phelps* v. *Davis*, 6 Allen, 287. *Sweetser* v. *Eaton*, 14 Allen, 157. The reason of this allowance does not apply to such a postponement as took place in this case. The act of the magistrate postponed only the end of the reasonable time. It merely prevented the hour from expiring till half past four; to hold otherwise, is to hold that a postponement of a minute is really a postponement of an hour and a minute.

*D. C. Linscott,* for the defendant.

AMES, J. Whether the delay of the proceedings until half past four o'clock is to be called an adjournment or a postponement can hardly be material. It was within the authority of the magistrate, and does not appear to have been objected to by either of the parties. They both remained at his office until the appointed time arrived. Upon the original appointment of three o'clock, neither party would have lost any legal right by not appearing earlier than four o'clock. *Phelps* v. *Davis*, 6 Allen, 287. The rule is the same in the case of adjournments from day to day, and it is difficult to see why it should be otherwise in case of postponements from hour to hour on the same day. In all such cases some period of time beyond the minute fixed must be allowed, before the failure of the debtor to have a magistrate in attendance must necessarily operate as a discontinuance of the proceedings. The return of the magistrate within the half hour after half past four o'clock was in our judgment not too late.

*Exceptions overruled.*