BENJAMIN F. LINCOLN *vs.* HORACE COOK.

Hampshire.  September 17, 1877. — May 2, 1878.  COLT, ENDICOTT
& LORD, JJ., absent.

It is competent for a magistrate, before whom the examination of a poor debtor is
held, to amend his record ; and, in an action on a recognizance entered into by a
poor debtor, such record is evidence of the truth of what it contains.

Under the Gen. Sts. c. 124, § 16, a magistrate, before whom the examination of a
person desiring to take the oath for the relief of a poor debtor is held, may in his
discretion keep open the hearing after the expiration of the hour to which the hear-
ing has been adjourned; and the fact that, at a previous hearing, he had told the
debtor that he need not appear until after the expiration of the hour, and that
this permission was not known to the creditor or his attorney, is immaterial.

CONTRACT on a recognizance entered into under the Gen. Sts.
*c.* 124, § 10, on September 20, 1875, by Moses White as princi-
pal, and the defendant as surety, and conditioned that White,
who had been arrested on an execution in favor of the plaintiff,
should, within thirty days from the day of his arrest, deliver
himself up for examination before some magistrate authorized to
act, giving notice of the time and place thereof, and appear at
the time fixed for his examination, and from time to time until
the same was concluded, and not depart without leave of the
magistrate, making no default at any time fixed for his examina-
tion, and abide the final order of the magistrate thereon.

Trial in the Superior Court, before *Brigham,* C. J., who, after
verdict, reported the case for the determination of this court, in
substance as follows :

The plaintiff offered in evidence a copy of the magistrate's
record of his proceedings in the case, on the application of White
to take the oath for the relief of poor debtors, which recited
that, after certain prior adjournments, " the examination was ad-
journed to January 26, 1876, at 2 o'clock, P. M., and thence to
January 29, at 9 o'clock, A. M., and thence to February 3, at 11
o'clock, A. M., when the magistrate administered to said White
the poor debtor's oath," and certified his discharge on the exe-
cution.

Upon suggestion by the defendant's attorney of a diminution
of the record, the magistrate applied to the court, and had leave
to file an amended record, which set forth in relation to said

adjournments as follows: "And said examination was again adjourned to January 26, 1876, at 2 o'clock, P. M.; and said examination was again adjourned to January 29, 1876, at 9 o'clock, A. M., with leave to the debtor to appear at any time between 9 and 12 o'clock, M., and I held open the proceedings from 9 o'clock till 12 o'clock, and, while the proceedings were so kept open and pending, the debtor appeared, and for my own convenience the said examination and proceedings were further adjourned to February 3, 1876, at 11 o'clock, A. M., and said examination is closed."

It appeared that on January 26 the magistrate informed the debtor that he was to have until 12 o'clock to appear on the 29th, but the evidence left it in doubt whether the plaintiff's attorney was informed of anything beyond the adjournment to 9 o'clock. It also appeared that on January 29 the plaintiff's attorney attended at the magistrate's office from 9½ until after 10 o'clock, and then insisted that he was entitled to a default, and that the magistrate had no further jurisdiction, and went away, met the debtor outside, and returned with him to the door of the office; and there was conflicting evidence whether they both then went before the magistrate again. No formal default was entered; and the magistrate testified that the record as amended set forth the facts according to the truth, and that he considered the case open until 12 o'clock.

The plaintiff contended that, if the adjournment from January 26 to January 29 was to 9 o'clock, A. M., and the debtor was not present within the hour, and the plaintiff's attorney was there insisting upon a default, there was a forfeiture of the recognizance; and that the plaintiff was entitled to recover.

The defendant contended that the amended record was conclusive in favor of the poor debtor's privilege to appear at any time between 9 and 12 o'clock on January 29; and that, if not conclusive, it was a question whether the magistrate, having adjourned the case from January 26 to January 29, had a right to give, and on all the evidence did give, the poor debtor leave to appear at any time between 9 and 12 o'clock on January 29, for the purpose of discharging himself from arrest by taking the poor debtor's oath; that it was not the magistrate's duty to notify the plaintiff or his attorney specially of the permission given

to the debtor to appear at any time between 9 and 12 o'clock on January 29, but that it was the duty of the plaintiff or his attorney to attend before the magistrate on the 29th until the case was adjourned or finally disposed of, and that in no view was the debtor in default by reason of the creditor not being informed of the permission given by the magistrate to the debtor.

The judge ruled and instructed the jury as follows: " If on January 26 the magistrate adjourned the hearing until January 29, at 9 o'clock, A. M., and at that time the debtor did not appear, nor appear at all until after 10 o'clock following, the creditor's attorney being then and there present, and remaining until after 10 o'clock, there was a breach of the recognizance by the debtor ; notwithstanding, at the time of such adjournment of January 26, the debtor was told by the magistrate that he might attend on January 29, at any time between 9 o'clock and 12 o'clock, and the debtor, acting upon this permission, and induced by it, did not attend at 9 o'clock, but did attend after 10, and before 12 o'clock of the same day, and offered himself for examination, and the magistrate kept the meeting open for that purpose, with the knowledge of the creditor's attorney, who was then present and objecting to any examination by the magistrate or any further judicial act by him in the premises ; and notwithstanding, also, the magistrate did not, within or on the expiration of the hour following 9 o'clock, call, or cause to be called, the debtor to appear, or enter upon his record, or declare the default of the debtor ; unless the permission given by the magistrate on January 26, to the debtor, to appear at any time between the hours of 9 and 12 o'clock on January 29, was known to and acquiesced in by the creditor, or by his attorney ; " and, assum · ing that there was no controverted fact in the case for the jury, directed them to return a verdict for the plaintiff in the penal sum of the recognizance ; and reported the case for the consideration of this court.

If the ruling was correct, judgment was to be entered on the verdict ; otherwise, a new trial was to be had.

*C. Delano & J. C. Hammond,* for the defendant.

*H. H. Bond,* for the plaintiff.

SOULE, J.   It is well settled and familiar law that it is competent for magistrates to amend their records, and that, when

amended, such records are evidence of the truth of what they contain. *Cook* v. *Berth*, 108 Mass. 73. The amended record stated that the examination of the debtor was adjourned to January 29, at 9 o'clock, A. M., with leave to the debtor to appear at any time between 9 and 12 o'clock, and that the magistrate held the proceedings open till 12 o'clock, and, while they were so open and pending, the debtor appeared, and the examination and proceedings were further adjourned till February 3. It has been held that if the debtor appears within the hour, the magistrate may postpone, keep open or adjourn the hearing. *Sweetser* v. *Eaton*, 14 Allen, 157. *Carleton* v. *Wakefield*, 111 Mass. 481. And it was intimated in *Sweetser* v. *Eaton*, that such action might perhaps be taken at the suggestion of the creditor, or on the magistrate's own motion. The statute says the magistrate may adjourn the case from time to time, and shall have the same powers with respect to all other incidents thereto as justices of the peace or other courts have in civil actions. Gen. Sts. c. 124, § 16. The authority thus given is broad enough to cover any adjournment or postponement, or "keeping open," which the magistrate in his discretion shall think it proper to make, whether the party present assents to it or not, provided only it be made before the rights of such party have been fixed by the completion of an hour after the time appointed for attendance. If one party only appears, and the hour expires without any action by the magistrate to keep open, postpone or adjourn the proceedings, and the party who appeared departs, the jurisdiction of the magistrate to act upon the notice is at an end. *Sweetser* v. *Eaton*, above cited. But, until the jurisdiction is gone, the matter of keeping the proceedings open, postponing or adjourning, is wholly one of discretion. We are of opinion, therefore, that the learned judge who presided at the trial erred in his instructions to the jury, that the action of the magistrate, in keeping the examination open after the expiration of an hour, was illegal, unless the permission to the debtor to appear at any time between the hours of 9 and 12 o'clock was known to and acquiesced in by the creditor or his attorney. The legality of the action of the magistrate did not depend on what he had said to the debtor, but on the fact that keeping the proceedings open was within his discretion, under the statute.                    *New trial ordered.*