JOHN MAY *vs.* WINTHROP M. B. HAMMOND & another.

. Suffolk.    January 20; February 13, 1888. — March 7, 1888.

Present : MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Poor Debtor — Debt — Promissory Note — Indorser — Evidence — Record — Amendment.*

The contingent liability of the indorser of a promissory note is a " debt " within the Pub. Sts. c. 162, § 17, cl. 5, which may be contracted " with an intention not to pay the same."

Oral evidence of a magistrate, before whom the examination of a poor debtor is had, is inadmissible to contradict his record.

TWO ACTIONS OF CONTRACT upon poor debtor recognizances, entered into under the Pub. Sts. c. 162, § 28, by the first-named

defendant as principal, and the other defendant as surety, and containing the usual conditions. The cases were tried in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions in each case, which, so far as material, was as follows:

It appeared in evidence that Hammond was duly arrested upon an execution in favor of the plaintiff, judgment having been recovered against him as indorser of a promissory note made to the plaintiff by one Ames. The affidavit of the plaintiff, upon which the certificate of the magistrate authorizing the arrest was issued, set forth that the plaintiff believed, and had " good reason to believe, that the debtor, Winthrop M. B. Hammond, has property not exempt from being taken on execution, which he does not intend to apply to the payment of the judgment creditor's claim ; and further, that I believe and have good reason to believe that the debtor, Winthrop M. B. Hammond, contracted the debt with an intention not to pay the same." The judge refused to rule, as requested by the defendants, that the liability of an indorser is not a " debt " within the meaning of the Pub. Sts. c. 162, § 17, cl. 5, and that the charge contained in the affidavit upon which the certificate of arrest was issued, that the debtor contracted the debt with an intention not to pay the same, did not apply, and that the arrest was invalid, as the first charge alone did not authorize an arrest.

The magistrate before whom Hammond delivered himself up for examination was permitted to testify that a hearing was appointed for July 25, 1885, at nine o'clock ; that before the expiration of the hour, Hammond's attorney, who was present, stated that his client would be present, and moved that the hearing be kept open for him to come in, or be adjourned ; that while this motion, which the witness admitted he entertained at the time it was made, was being argued, and before any default had been entered, except in the magistrate's " mind," the defendant came in, at six minutes past ten o'clock ; and that he stated at the time of the discussion that he had no jurisdiction in the case after ten o'clock, which point was combated by the attorney. The magistrate's record showed that Hammond was defaulted because he did not appear personally within the hour. The judge ruled, upon the plaintiff's objecting to this evidence, that oral evidence outside of the magistrate's

record was inadmissible to contradict it, and directed a verdict for the plaintiff in each case. The defendants alleged exceptions.

*S. J. Elder*, for the defendants.

*B. C. Moulton*, for the plaintiff.

C. ALLEN, J. 1. The Pub. Sts. c. 162, § 17, cl. 5, include the liability as indorser of a promissory note.

2. It is true that the statutes do not, in express terms, require magistrates who hear applications for the discharge of persons arrested on mesne process and execution to keep records of their proceedings, but, as they act in a judicial capacity, it is proper for them to keep such records, and such records when so kept are to be taken as their official statement of what they have done, and are the proper evidence thereof ; and it is competent for such magistrates to amend their records, and when amended such records are evidence of the truth of what they contain. *Henshaw* v. *Savil*, 114 Mass. 74. *Lincoln* v. *Cook*, 124 Mass. 383, and cases cited. It results from this that the oral testimony of such a magistrate is incompetent, upon a trial, to contradict his record. If the record fails to express the truth, the proper course is to amend it. *Sewall* v. *Sullivan*, 108 Mass. 355. *Cook* v. *Berth*, 108 Mass. 73, 77. In the present case such a record was kept, and was put in evidence, and the ruling of the court was correct that the oral testimony of the magistrate was inadmissible to contradict it. That record showed that the debtor was defaulted because he did not appear personally within the hour ; and, as it stands, a verdict was properly ordered for the plaintiff.

*Exceptions overruled.*