JOHN MERRILL *vs.* EDWIN D. KAULBACK.

Middlesex.    December 8, 1892. — March 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Poor Debtor — Recognizance — Amended Record — Sufficiency of Notice.*

A court has power to amend its record, even after the lapse of a long time, and the record as amended imports absolute verity.

A judgment debtor delivered himself up for examination before the court, as required by his recognizance. The amended record showed that Monday was the time appointed for the examination under St. of 1888, c. 419, § 7, but by inadvertence the notice gave the time as Sunday. When the mistake was discovered, a later day was appointed and a new notice was served. It was contended that the second notice was invalid, under Pub. Sts. c. 162, § 33, because it was issued on Monday, only two days after the issuing of the first one. *Held*, in an action on the recognizance against the surety, that there was no breach thereof, and that the judgment debtor was lawfully discharged.

CONTRACT, on a recognizance wherein the defendant's obligation was that the judgment debtor, John P. Jackson, should

within thirty days deliver himself up for examination before some court of record, or police, district, or municipal court, or trial justice, giving notice of the time and place thereof, and appear at the time fixed for his examination, and from time to time until the same is concluded, and not depart without leave of the court or magistrate, making no default at any time fixed for his examination, and abide the final order of the court or magistrate.

The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on an agreed statement of facts, the material portions of which appear in the opinion.

*J. W. Low*, for the plaintiff.

*W. E. Rogers*, for the defendant.

KNOWLTON, J. The judgment debtor delivered himself up for examination before the court, in compliance with the requirements of his recognizance, and the question in dispute is whether there was a breach of the recognizance in his failure to appear before the court on Sunday and have the case continued, or in the issuing of a new notice on the next Monday, and the subsequent proceedings.

The court had power to amend its record, even after the lapse of a long time, and the record as amended imports absolute verity. *Balch* v. *Shaw*, 7 Cush. 282. *Parker* v. *Warren*, 2 Allen, 187. *Lincoln* v. *Cook*, 124 Mass. 383.

By the Pub. Sts. c. 162, § 31, and by the amendment thereof, St. 1888, c. 419, § 7, the court or magistrate is required to " appoint a time and place for his [the debtor's] examination," and to " issue a notice thereof to the plaintiff or creditor." The appointment of the time and place is the first substantive act of the court, and, that having been done, " notice thereof " is issued. The amended record shows that Monday was the time appointed for the examination, but by inadvertence the notice gave the time as Sunday. When the mistake was discovered, a later day was appointed for the examination, and a new notice was served.

By the Pub. Sts. c. 162, § 33, it is provided that, " when a defendant or debtor has given notice of his desire to take the oath for the relief of poor debtors," no new notice shall be

given until the expiration of seven days, "unless the former notice was insufficient in form or service," and it is contended that the second notice in this case was invalid, because it was issued only two days after the issuing of the first one. The first notice did not conform to the order of the court. It stated a time which had not been appointed. It was not the notice which the court directed, and was as if no notice had been given. It was insufficient in form, inasmuch as in form it was incorrect and worthless. The purpose of the Legislature was evidently to prevent a person who has given one good and sufficient notice from abandoning the proceedings, and giving another before the expiration of seven days from the service of the first; and the statute permitting the issuing of a second notice immediately should be held to apply to any case where the first was invalid and insufficient. The word "form" is not used in this section in a narrow sense, but includes everything that goes to the validity of the notice. The case is covered by the decision in *Burt* v. *Geary*, 128 Mass. 404. The second notice was properly issued, and the judgment debtor was lawfully discharged.        *Judgment affirmed.*