GEORGE J. TUFTS *vs.* BENJAMIN F. HANCOX & others.

Suffolk.   January 17, 1898. — May 19, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Evidence — Poor Debtor — Record of Police Court.*

The record of a police court may not be controlled by oral evidence.

CONTRACT, on a recognizance under Pub. Sts. c. 162, § 28, entered into after arrest on execution. At the trial in the Superior Court, before *Richardson*, J., it appeared that the breach alleged was a default of the debtor on November 21, 1896, a time fixed for his examination by the Police Court of Lynn. So much of the certified copy of the record of the proceedings in said court as is material is as follows: " September 5, 1896, 9 A. M. Debtor present at 10 A. M. By order of court, certificate not to issue. September 5, 1896. Agreement in writing to continue to November 21, 1896, and so continued to November 21, 1896, 10 A. M. November 21, 1896. Debtor defaulted at 11 A. M." The defendants, against the objection of the plaintiff, were permitted to show by parol evidence, which was admitted *de bene*, the following facts.

At 10 A. M., September 5, 1896, the debtor was present in court without his attorney of record; the creditor was not present, but at the request of the debtor, an attorney who was there trying another case for another party called the attention of the

court to this case, and by direction of the court the clerk called the case and called the name of the creditor, and there was no response. The court thereupon ordered the clerk to record, " Certificate not to issue," and the court said to the debtor, " You are discharged, you can go." The debtor departed.

The clerk, about five to ten minutes after 10 A. M., September 5, 1896, found in his office a written agreement made on September 3, 1896, by counsel of record for the debtor and creditor, for a continuance of the case to November 21, 1896, and immediately, at the same sitting of the court, showed it to said court, who said, " The case will stand according to the agreement," and ordered the clerk to record the case continued to November 21, 1896, 10 A. M., in accordance with said agreement, which the clerk did. The attorney who acted for the debtor that day in the absence of counsel of record was then and there immediately shown said agreement, and was informed that it was the reason for the creditor's absence, and that the judge had said, " This agreement must stand"; and no objection to it was made.

Upon this evidence the defendants requested the judge to rule that the plaintiff could not maintain this action ; but the judge declined so to rule, and found for the plaintiff. The judge further found that the debtor knew of the continuance to November 21, 1896, within two weeks from September 5, and reported the case for the consideration of the full court on the agreement of the parties that, if the finding for the plaintiff on such evidence as was rightly admitted was warranted, the finding was to stand; otherwise, a new trial was to be granted.

*F. M. Davis*, for the defendants.

*A. Hemenway*, for the plaintiff.

FIELD, C. J. It was not competent by oral evidence to control the record of the Police Court. *Sewall* v. *Sullivan*, 108 Mass. 355. *May* v. *Hammond*, 146 Mass. 439. *Watts* v. *Stevenson*, 169 Mass. 61.

Evidence that the debtor was discharged on September 5, 1896, tends, we think, to contradict the record that on that day the case was continued to November 21, 1896, at which time the defendant was defaulted. The words in the record, " By order of court, certificate not to issue," are meaningless unless they

mean that the certificate prescribed by Pub. Sts. c. 162, § 40, was not to issue on September 5, 1896, and this is entirely consistent with the record of the continuance. These words cannot be held to mean that the debtor was discharged on September 5, 1896.

If the record as it stood was not true, or if it did not contain all that should have appeared of record in the Police Court, application should have been made to that court to amend it.

*Judgment on the finding.*