NATHANIEL B. PEASE *vs.* INHABITANTS OF PARSONSFIELD.

York.  Opinion December 29, 1898.

*Town.   Way.   Notice.   Officer de facto.   Verdict.*

A highway surveyor de facto, acting under color of authority, may bind the town within the scope of his authority in favor of the public or third persons.

Actual notice to such officer of a defective highway twenty-four hours prior to injury therefrom is sufficient.

The court refuses to set aside a verdict for the plaintiff under the following conditions: It was none too large. The issues of fact were stoutly contested. A careful reading of the evidence does not show that the verdict is wrong. Differences of opinion may well exist as to its correctness; but it is a verdict of the jury and commands the respect of the court.

ON MOTION AND EXCEPTIONS BY DEFENDANTS.

This was an action in which the plaintiff sought to recover of the defendant town damages for an injury to his horse received on the thirtieth day of January, 1896, while he was driving the same upon a highway in the said town.

The injury was inflicted by a defect in the highway and consisted of a ridge or hummock of ice with a broken and uneven surface extending across the traveled part of the road. The jury returned a verdict for the plaintiff of $144.97.

Upon the proposition that the municipal officers or highway surveyor of the district had had at least twenty-four hours actual notice of the defect causing the injury, the following admissions were made in court by the defendant. "It is admitted upon behalf of the defendants that George P. Davis was at the time one of the selectmen of the town of Parsonsfield, and that on or about May, 1895, the selectmen of the town placed in his [Merrill's] hands the surveyor's book for the district in which this road was located and that the book contained the written appointment of Merrill as surveyor of that district and signed by a majority of the selectmen. It is also admitted that George P. Davis, P. W. Benton and Brackett T. Lord were selectmen of the town at this time." The

plaintiff introduced evidence showing that the highway surveyor's book remained in Merrill's possession until after the injury complained of and until the taxes therein contained were worked out under his supervision; also, that Merrill had actual personal knowledge of the defect complained of at least twenty-four hours before the injury occurred and in fact for several days and had done some work in attempting to remedy the defect. Also that complaints had also been made to him relative to this identical piece of road some days prior to the injury; also that George P. Davis, one of the municipal officers, had knowledge of the defective condition of the road at that point; also that Peleg W. Benton, one of the selectmen of said town knew and appreciated the dangerous character of this piece of road as shown by a witness, Roberts, who quoted Mr. Benton as saying a few days prior to the injury complained of: "There is the worst piece of ice I ever saw on Merrill hill near Liston Merrill's and I shall break my devilish neck if I don't get there before the moon goes down." Mrs. Pease, wife of the plaintiff, testified to this same conversation and it was not denied by Mr. Benton.

Mr. Merrill had not taken his official oath, and the presiding justice instructed the jury that actual notice to Merrill, under the facts disclosed and admitted, would be a sufficient compliance with the statute and the defendants excepted to that instruction.

The defendants also filed a general motion for a new trial.

*J. O. Bradbury and J. Merrill Lord*, for plaintiff.

*B. F. Hamilton and B. F. Cleaves*, for defendants.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, JJ.

HASKELL, J. Case to recover damages for injuries to a traveler's horse, suffered from a defective highway. Verdict for plaintiff for $144.97. The defendants have exception to the instruction of the presiding justice, upon evidence that made the same pertinent: That if the municipal officers of defendant town, or a majority of them, gave a written appointment to one Merrill,

signed by a majority of them, as highway surveyor for the road district where the injury was received and he took the surveyor's book and performed the duties of surveyor and caused the taxes to be worked out during the season of 1895, and until after the accident occurred, he would be a highway surveyor de facto within that district, and that twenty-four hours actual notice to him prior to the injury would bind the town.

This instruction was well enough, for Merrill, apparently clothed with authority, performed the functions of the office, and the fact that he had not been sworn could make no difference. He was an officer de facto. That is, acting under color of authority, and so far as the public or third persons are interested his acts were just as valid and binding as if he had been an officer de jure. *Plymouth* v. *Painter*, 17 Conn. 585, and cases cited; *Smith* v. *State*, 19 Conn. 493. In *Woodbury* v. *Knox*, 74 Maine, 462, a school agent, chosen at a meeting that had not been duly notified, and not sworn, employed a teacher, and it was held that his act was binding upon the town. See also *Brown* v. *Lunt*, 37 Maine, 423; *Belfast* v. *Morrill*, 65 Maine, 580. In *Woods* v. *Bristol*, 84 Maine, 358, there was an attempt to usurp an office, not to fill one under color of right. *Bunker* v. *Gouldsboro*, 81 Maine, 188, is not in point.

The jury found a verdict for the plaintiff. It was none too large. The issues of fact were stoutly contested. A careful reading of the evidence does not show that the verdict is wrong. Difference of opinion may well exist as to its correctness. It is a verdict of the jury, and commands our respect. We are not disposed to overturn it.

*Motion and exceptions overruled.*