JOHN HEARN *vs.* LETITIA A. CANNING.

PROVIDENCE—JUNE 22, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1) *Equity. Executions. Judgments.*

Equity can not be invoked to restrain the service of an execution upon the ground that a mistake was made in the entry of the judgment in the court at law until the correction of the judgment is made in the court having control of the record.

(2) *Equity. Executions. Fraud. Negligence.*

*Semble,* equity can not be invoked to restrain the execution of a judgment unless the accident complained of was caused by fraud or was one unmixed with any fault or negligence of complainant or his agents.

Bill in Equity on facts set forth in opinion. Heard on bill, answer, and proof, and bill dismissed.

Dubois, J. The complainant has brought his bill of complaint, seeking thereby to restrain the service upon him of an execution in favor of the respondent, the judgment creditor in a certain judgment rendered against him by the Common Pleas Division of this court, in this county, more than five years before the filing of the bill, upon the ground that the same was entered by accident and mistake, and, therefore, should be set aside.

The respondent has filed her answer denying that there was any accident or mistake in the rendition or entry of the judgment and avers that the same was the result of the submission of the complainant by his counsel, in open court, in accordance with the agreement of the parties to that effect.

In support of the bill and answer the parties respectively introduced evidence, but it appears that since the entry of the judgment was made the following named persons, who otherwise might have been called as witnesses, have deceased: George E. Webster, Esq., the clerk who made the record entries; Dennis J. Holland, Esq., the respondent's attorney of record at the time the judgment was entered; Charles A. Wilson and one Niles, witnesses for the respondent in the action wherein the judgment was rendered; and John F. Rabbitt, a deputy of the sheriff of the county.

The record in the case at law shows that the action was originally brought against the complainant in the District court of the Sixth Judicial District, and that judgment went against him there by his default. The complainant then claimed a jury trial, and by written stipulation of counsel the case was assigned for trial for January 31, 1899, on which day Hearn again suffered a default. By written agreement of counsel the judgment by default was vacated and the case was

again assigned for trial on February 23, 1899, on which day the record further shows, as follows: "Defendant submits to judgment for plaintiff for $160 debt and costs." The complainant avers that this entry is incorrect and that he did not know of its existence until shortly before the filing of his bill, when a demand was made upon him to satisfy the execution in the case.

(1)   The present proceeding involves the correction of the record of another court than this one.

Under the provisions of Gen. Laws, cap. 246, § 2: "In case of judgment by default, or in case of judgment entered by mistake, or in case of decrees in all equity causes and cases following the course of equity, the court entering the same shall have control over the same for the period of six months after the entry thereof, and may, for cause shown, set aside the same and reinstate the case, or make new entry and take other proceedings, with proper notice to parties, with or without terms, as it may by general rule or special order direct."

Of course it is now too late for the Common Pleas Division to set the judgment aside and reinstate the case; but it is never too late for a court to amend its records in order that the truth shall therein appear. If the aid of this court in equity is to be invoked upon the ground that a mistake was made in the entry of a judgment in another court, the correction of such record must be made in the court where such record exists. *Smith* v. *Whaley,* 27 R. I. 185.

In *Weigley* v. *Matson et al.,* 125 Ill. p. 66, the court say: "It is the settled rule of law, that the record of a court showing a judgment by confession in open court, imports verity, and can not be contradicted by parol evidence. (*Roche* v. *Beldam,* 119 Ill. 320.) The record of such judgment is the only proper evidence of itself, and is conclusive evidence of the fact of the rendition of the judgment, and of all the legal consequences resulting from that fact, both as against the parties to the judgment and all others whose interests may be affected thereby. *Koren* v. *Roemheld,* 7 Ill. App. 646; *Richardson* v. *Beldam,* 18 *id.* 527; *Jasper et al.* v. *Schlesinger et al.,* 22 *id.* 637."

In *Smith* v. *State*, 19 Conn. 493, the court said: "It is an elementary principle, that a record imports verity and can not be contradicted," in that case even applying the doctrine to the record of a justice of the peace.

In *Tufts* v. *Hancox*, 171 Mass. 148 (1898), Field, C. J., said: "It was not competent by oral evidence to control the record of the Police Courts," citing *Sewall* v. *Sullivan*, 108 Mass. 355; *May* v. *Hammond*, 146 Mass. 439; *Watts* v. *Stevenson*, 169 Mass. 61. And see also *Sayles* v. *Briggs*, 4 Metc. p. 423.

Therefore, before such correction is made in the court having control of the record, a proceeding of this kind is prematurely brought.

(2)     The accident of an erroneous entry being made in the record of the case could only happen through the neglect of counsel to reduce to writing the agreement relating to the same, or through his failure to see to it that the correct entries were made by the clerk. In either case such negligence of counsel is ordinarily imputed to the client, and, unmixed with fraud, which is not charged in this case, affords no ground for equitable relief. According to Marshall, C. J.: "It may be safely said, that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law; or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery." *Marine Ins. Co.* v. *Hodgson*, 7 Cranch, p. 336.

In the case before us no fraud is charged; the accident complained of is not unmixed with fault or negligence, as hereinbefore stated; and the mistake, if any there be, is subject to the correction of another tribunal. No case is made out for the interposition of a court of equity.

. This case is clearly distinguishable from the case of *Dowell* v. *Goodwin*, 22 R. I. 287; in that case not only was fraud alleged as a basis for relief, but it was fraud affecting the very jurisdiction of the court.

For these reasons the relief prayed for must be denied and the bill dismissed.   Decree accordingly.

*Thomas W. Robinson and Claude J. Farnsworth,* for complainant.

*Barney & Lee,* for respondent.