## DANIEL G. COOK *vs.* JOHN BERTH & others.

A defendant against whom judgment was rendered in proceedings before a justice of the peace, for the possession of a house and land under the Gen. Sts. *c.* 137, entered into a recognizance for an appeal. A copy of the record and recognizance, certified by the justice, was filed in the superior court, the copy of the record stating that the defendant recognized to prosecute the appeal with effect and to pay costs, and the copy of the recognizance stating that it was conditioned for the payment of costs. Afterwards, about the time judgment was rendered on the appeal, an amended copy of the recognizance, certified by the justice, was forwarded to the clerk of the superior court, who indorsed thereon with a lead pencil "Rec'd Nov. 19, '69," and his initials, and put it among the papers in the case. This amended copy stated that the recognizance was conditioned for the payment of rent, damages and costs, and no amendment was made in the copy of the record of the justice. In an action on the recognizance, as amended, a verdict for rent, damages and costs was returned in the superior court for the plaintiff. *Held*, that the amended copy of the recognizance was properly filed; that the amendment must be taken to have been allowed by the superior court; and that the amended copy of the recognizance did not contradict the certified copy of the record.

In an action on a recognizance entered into before a magistrate, evidence is inadmissible to contradict the copy of the recognizance certified by the magistrate and of record.

CONTRACT on a recognizance entered into by John Berth as principal and the other defendants as sureties on an appeal from the judgment of a justice of the peace in favor of the plaintiff in proceedings against Berth under the Gen. Sts. *c.* 137, to recover possession of a house and land in Blackstone. The concluding part of the instrument declared on was as follows : " The condition of this recognizance is such that if the above named John Berth shall enter and prosecute with effect an appeal made by him from a judgment given by me, the said justice, against him at a court held before me at the office of Silas A. Burgess in the town of Blackstone on Saturday the twenty-second day of June 1867, in favor of Daniel G. Cook for the possession of said premises and costs of said suit taxed at seven dollars and seventy-eight cents, and shall pay all such costs as may arise after said appeal, all rents now due to the said Daniel G. Cook for the occupation

of the premises described in the writ in this action, and all intervening rent, damages and costs : then the above written recognizance to be void ; otherwise to abide in full force." Writ dated November 24, 1869.

At the trial in the superior court, before *Dewey*, J., it appeared that the material portion of the record of the magistrate from whose judgment the appeal was taken was as follows : " from which judgment the said defendant appeals to the next superior court to be holden, &c., and recognized with sureties to prosecute the appeal with effect and to pay all such costs as may arise after said appeal ; " that the case was entered on appeal at September term 1867 of the superior court, and was tried at December term 1868 ; and that judgment was rendered for the plaintiff at November term 1869.

The magistrate was called as a witness and testified " that, immediately after the appeal was taken, he made out a recognizance, which was similar to the recognizance declared on in the present case and now produced, except that it did not contain the words ' all rents now due to the said Daniel G. Cook for the occupation of the premises described in the writ in this action, and all intervening rent, damages and costs ; ' that he delivered said recognizance with the other appeal papers to the defendant's attorney, and that subsequently, about November 1869, at the request of the plaintiff's attorney, he signed and delivered to him the recognizance now produced, which had been drawn up by said attorney."

It further appeared that the recognizance originally made remained on file with the other papers in the appeal in the superior court, till about the time of final judgment at November term 1869, since which time said recognizance cannot be found ; and that the recognizance now declared on, immediately after it was signed by the magistrate, was forwarded by the plaintiff's attorney to Joseph Mason, clerk of the court, who put it among the papers in the case with this memorandum indorsed thereon with a lead pencil : " Rec'd Nov. 19,' 69, J. M." The plaintiff introduced evidence of the judgment in his favor in the original suit and that the execution had been returned wholly unsatisfied and

no part of the costs had been paid. Upon the foregoing state of facts the defendant contended that the plaintiff could not maintain this action.

The plaintiff offered to show, by the testimony of the magistrate, that, when the defendants recognized, the condition of the recognizance was the same as stated in the recognizance now produced; and the defendants offered to show, by their own testimony, that the condition of the recognizance was as stated in the original recognizance returned to the superior court; but the judge refused to admit the testimony.

The amount which the plaintiff would be entitled to recover for rent and damages being in controversy, the judge submitted that question to the jury, with instructions to find specially the amount of rent, damages and interest, to add thereto the costs in the original action and interest thereon, and to return the verdict for the plaintiff for the full amount thereof. The jury returned a verdict for the plaintiff for the sum of $239.70, and found that the amount of the costs, damages and interest thereon was $100.76.

And the judge then reported the questions of law arising in the case for the consideration of this court; if the plaintiff was entitled to maintain his action for all the causes embraced in the verdict, judgment to be rendered thereon; if he was entitled to maintain it for costs in the former action, but not for the rent and damages, the verdict to be amended by deducting the amount of rent and damages, and judgment entered for the balance; if the judge should have admitted the testimony of the witnesses as to the condition of the recognizance, the verdict to be set aside and a new trial granted; if the testimony was properly rejected and the plaintiff could not upon the facts stated maintain this action, the verdict to be set aside and judgment entered for the defendants.

*A. A. Putnam,* for the defendants.

*S. A. Burgess,* for the plaintiff.

WELLS, J. The verdict for the whole amount of intervening rent, damages and costs, in this case, is warranted by the declaration. The declaration is supported by the proof; provided the

amended copy of the recognizance, certified by the magistrate, was properly admitted. No question of pleading or of variance would then arise.

The defendant contends that the paper admitted as the recognizance was not properly so admitted ; because

1. It was irregularly placed on file in the clerk's office ; a copy of record, including a recognizance duly certified by the magistrate, having previously been filed and become of record in the superior court.

The fact of such previous filing of the supposed record does not prevent the subsequent filing of an amended record, or an amendment of any part of it to correct errors or deficiencies in the first. *Commonwealth* v. *Field*, 11 Allen, 488. *Commonwealth* v. *Merriam*, 9 Allen, 371.

Upon discovery of the deficiency in the first memorandum of the recognizance certified and sent up by him, it was proper for the magistrate to send up a full and correct one, either upon his own motion, or upon the suggestion or request of the plaintiff's attorney. *Commonwealth* v. *McNeill*, 19 Pick. 127.

The plaintiff's rights are not lost by the fact that such amended certificate was not filed until after judgment in the superior court in the original action. *Hawkes* v. *Davenport*, 5 Allen, 390. *Benedict* v. *Cutting*, 13 Met. 181. The minutes of filing in this case, though less full and formal than usual, were sufficient to prove the fact, and make the document a part of the record. If there had been no minutes upon the paper, the fact of filing might have been shown otherwise. *Commonwealth* v. *Merriam*, 7 Allen, 356.

The defendant insists that this amendment could not be effectually made without leave of the superior court.

Whenever an amendment of a record or return is found to be necessary in the course of a trial, in which such record or return becomes important, it is allowed to be made, if at all, as an incident of that trial, — provided it belongs to the records of the same court in which the trial is had. The court has entire control of its own records, and determines conclusively all questions of their truth or correctness. *Balch* v. *Shaw*, 7 Cush. 282. *Fay* v. *Wenzell*, 8 Cush. 315. In this case the memorandum of recog-

nizance relied on has been recognized and admitted by the superior court as properly of record in that court. This we think is conclusive upon that point; and is equivalent to a direct authority to make the amendment.

2. The defendant contends that the alleged memorandum of recognizance is contradictory to the record of the case, as certified by the magistrate.

That record, like the original certificate of the recognizance, is imperfect and deficient in not setting out in full the conditions of the recognizance. But it is deficient merely. It is not repugnant. *Barringer* v. *King*, 5 Gray, 9. Besides, the later amended certificate is intended to correct the previous imperfect record, by supplying the deficiencies found to exist in the first. It accords with what the statute requires in order to give the appeal effect. The amendment would have been more complete, if it had corrected the error in the certified record of proceedings as well as in the memorandum of recognizance. But that is not absolutely essential.

The certificate of the magistrate is conclusive that the amended memorandum sets out truly the conditions of the recognizance as actually entered into by the parties before him. *Tillotson* v. *Warner*, 3 Gray, 574. *Saxton* v. *Nimms*, 14 Mass. 315. *Tracy* v. *Jenks*, 15 Pick. 465. *Wells* v. *Stevens*, 2 Gray, 115. *Ames* v. *Phelps*, 18 Pick. 314.

3. It follows, that the oral testimony offered by the defendants to show what were the actual terms of the recognizance entered into was properly excluded. And the testimony of the magistrate, admitted in support of his certificate, was immaterial.

It is not a case of secondary proof to supply the place of a lost original. The new certificate is not a substitute for the one first sent up. It has displaced the first, and become itself the recognizance of record. It is the evidence, and the only legal evidence, of the contract entered into before the magistrate; which contract is the foundation of the suit.

*Judgment upon the verdict.*