SARAH A. INGALLS *vs.* THOMAS F. CHASE *et al.*

Somerset. Decided March 28, 1878.

*Amendment.*

One memorandum of recognizance returned by a magistrate allowing an appeal may be filed by the clerk of the court to which the appeal is taken without special authority from the judge, and it will thereby become of record in the appellate court, so that the appellee who has had final judgment in that court in his favor may maintain an action on it.

With the permission of a judge of the court, such magistrate may amend the recognizance returned, or make a new return, so as to set forth more fully and correctly the contract into which the parties entered; and thereafterwards the party entitled may maintain an action on such amended recognizance.

But where a second return has been made by the magistrate on his own motion or at the suggestion of the party's attorney, and there is nothing but the clerk's memorandum of filing upon the paper to show that it has been recognized as the true record by the appellate court, it is not entitled to be so regarded, and no action can be maintained upon it.

ON REPORT.

DEBT, on a recognizance taken by a trial justice, in a case of forcible entry and detainer, entered before him and removed to S. J. Court under R. S., c. 94, § 6, each party recognizing to the other. The recognizance of the defendants, as first returned to S. J. C. and filed with the clerk, omitted the following words, which were afterwards inserted in a manner to raise the legal question : " And whereas said action has been removed by me, the said jus-

tice, to the supreme judicial court next to be holden at Skowhegan, [etc.] on the third Tuesday of September, 1874."

The trial justice in the recognizance as first returned, undertook to adjudge the reasonable rent under § 8, but left the sum blank, which was afterwards inserted at "three dollars a month."

At nisi prius the defendant pleaded *nul tiel record*, with a brief statement that "the recognizance originally returned to and made a record in said supreme judicial court in. the original action, was taken from the files of court without leave of court, and the recognizance now in suit was substituted therefor by the plaintiff's counsel, and so the records of said court have been tampered with."

The replication affirmed such record.

The evidence, admitted against plaintiff's objection, tended to show that, after the entry of the recognizance and the filing by the clerk, it was taken by the plaintiff's attorney, a few days before the date of the writ, February 5, 1876, and when returned to the files.was in the changed form hereinbefore stated.

The facts are summarized in the opinion.

*A. H. Ware*, for the plaintiff.

The memorandum of recognizance should be full and complete. If the magistrate discovers that the first one is deficient or erroneous, it is proper for him to certify and send up a full and correct one, either.upon his own motion or upon the suggestion or request of the plaintiff's attorney. *Cook* v. *Berth*, 108 Mass. 73. *Commonwealth* v. *McNeill*, 19 Pick. 127.

To the points that the recognizance might be filed after the first term or after final judgment, either in court by leave, or in the clerk's office ; that the clerk's certificate of the filing is the regular and sufficient evidence of the fact, and that neither oral testimony nor a copy is admissible to contradict an original or show it defective, counsel cited some of the cases found in opinion, also *Commonwealth* v. *Field*, 11 Allen, 488. *Commonwealth* v. *Merriam*, 7 Allen, 356. *Hawkes* v. *Davenport*, 5 Allen, 390. *Benedict* v. *Cutting*, 13 Met. 181.

*J. J. Parlin* with *J. H. Webster*, for the defendants.

BARROWS, J. The action is debt upon a recognizance to the plaintiff, alleged to have been entered into by the defendants before a trial justice, May 22, 1874, in pursuance of an order of said justice, for the removal to the then next September term of this court, of a process of forcible entry and detainer then pending before said justice, in which the plaintiff was complainant, and Chase, one of these defendants, was the respondent, and had filed a brief statement, claiming that the title of the premises described in said process was in certain third persons whose tenant he was. Final judgment against said Chase in that process was rendered in this court at the September term, 1875. The recognizance here sued was filed February 1, 1876, and this action upon it was commenced February 5. It is defended on two grounds.

I. The defendants claim by their brief statement, and offer. evidence tending to show, that the recognizance declared on and produced by the plaintiff is not the one originally returned to this court and here entered of record in the original suit, but has been substituted for it without leave of court.

The plaintiff contends, in substance, that the memorandum of recognizance returned to the court above should be full and correct, in accordance with the facts, setting forth the actual contract into which the parties entered, and that a magistrate, after certifying and sending up one memorandum of recognizance, if he discovers that it is deficient or erroneous, has the right to certify and send up a full and correct one, either upon his own motion, or at the suggestion of counsel ; that the certificate of the clerk upon the recognizance declared on showing that it was filed and when, is a sufficient and conclusive recognition of it as a record of this court, and that no oral testimony or copy of another paper is admissible to impeach it. The evidence produced by defendants to impeach the recognizance offered by plaintiff, consists of the testimony of the clerk of the court who produced the papers in the original suit, *Ingalls* v. *Chase*, and testified that there was a recognizance on file at the September term, 1875 ; that the recognizance declared on is not that one ; that he made a copy of that recognizance and sent it to Chase's attorney ; and he identifies the copy produced as one which he made, and it is

offered in evidence by the defendants as a copy of the original recognizance.

In support of his objection to this evidence the plaintiff's counsel cites *Stetson* v. *Corinna*, 44 Maine, 29, and *Leathers* v. *Cooley*, 49 Maine, 337. In neither of these cases was the question here presented directly before the court for determination. *Stetson* v. *Corinna* was an action between two towns, originally commenced before a justice of the peace, and brought into this court by appeal taken by the defendants; and the main question for decision was whether, after many continuances and a trial and verdict for the defendants, the plaintiff's motion to dismiss the appeal for want of a proper recognizance, first made after the overruling of various motions for a new trial by them filed, ought to be sustained, on the ground that the court had no jurisdiction of the case by reason of the insufficiency of the recognizance.

Several valid and sufficient reasons were urged by different members of the court for holding that the court had jurisdiction and that the motion to dismiss could not be sustained, and among other things it was said that a copy is not admissible to contradict an original record or to show it defective; but the remark was made of a copy which had been originally sent up instead of the original with the appeal papers by the justice, and the original record which was referred to as not liable to be thus contradicted was the amended recognizance, filed by leave of court after the motion to dismiss the appeal. The court properly held that a recognizance filed by leave of court became a part of the records of the court; that it might be so filed at any time, and it was of such a recognizance that it was said that " no case had been cited to show that it could be contradicted or impeached by what purported to be a copy."

In *Leathers* v. *Cooley*, 49 Maine, 337, the principal question was whether the clerk's minutes upon the docket of the court, showing the amount of debt and costs recovered, was, in the absence of an extended record, sufficient and conclusive proof, in an action upon the recognizance, of the rendition of a final judgment for the plaintiff, so as to preclude evidence from the clerk

of a non-compliance with the rule of court, requiring papers to be filed within a certain time, to authorize the clerk to extend and complete the record. In view of the well known practice of clerks to make such entries on their dockets, in the presence and under the authority of the court, and the established presumption that they are so made, and the consequent decisions in *Longley* v. *Vose*, 27 Maine, 179, and *Read* v. *Sutton*, 2 Cush. 115, that this presumption cannot be controlled by the testimony of the clerk or judge, the court held in *Leathers* v. *Cooley* that there was sufficient and conclusive proof of final judgment in favor of the plaintiff in the original suit to enable him to maintain an action upon the recognizance. This was the matter to which the attention of the court was mainly directed, and this the extent of their decision upon the conclusiveness of memoranda made by the clerk. They held also that the fact that the recognizance was not entered at large upon the record before suit brought upon it would not defeat the action, that it was sufficient that it had been returned to and placed on the files of the court, as the clerk's memorandum upon the back of it showed ; but their attention was not called to the question which we have here to pass upon, whether the presumption arising from such filing by the clerk is, like that, from the entry by him upon the docket of the rendition of judgment for a party for a certain sum for debt or costs, conclusive, and not subject to be controlled by the testimony of clerk or judge that it was made without the permission of the court.

That the memorandum of the clerk upon the recognizance here sued is thus conclusive, the plaintiff's counsel contends, upon the authority of *Cook* v. *Berth*, 108 Mass. 73, where in a suit upon an amended recognizance, sent in by a justice of the peace about the time of the rendition of judgment in the superior court upon the appealed case, and filed by the clerk of the superior court, the supreme court of Massachusetts held, after verdict for the plaintiff in the superior court, that, notwithstanding the first recognizance sent in by the magistrate was differently conditioned, the amended recognizance was properly filed ; that the amendment must be taken to have been allowed by the superior

court; that no oral evidence was receivable to contradict the recognizance as finally certified by the magistrate and entered of record in the superior court, and that the plaintiff was entitled to judgment upon the recognizance as amended. The case as reported seems to go far to sustain the doctrine for which the plaintiff's counsel here contends. But we are left by the opinion somewhat uncertain how far the action of the superior court in permitting the amended recognizance to go as evidence to the jury and instructing them to return a verdict for plaintiff thereon, was regarded as equivalent to a previous permission to make the amendment. Some of the remarks in the opinion seem to indicate that it was this subsequent recognition by the court, rather than the clerk's minutes of filing, which the supreme court deemed conclusive as to the character of the recognizance as a record.

However this may be, when we find ourselves called upon to settle the question whether the clerk's filing upon a document of this description will, *ipso facto,* make it a record of this court, from a simple inspection of which the rights of the parties are to be determined, we feel bound to say that we cannot give that effect to this act of the clerk when a second recognizance has been returned, differing from the first, unless it is made to appear that the act of filing and entering it of record has been either authorized or ratified by a judge of the court. These memoranda and loose papers are managed and cared for very differently from the entries made by the clerk upon his docket. They are less vigilantly inspected, both by the clerks and the members of the bar.

We believe it to be a common practice with our clerks to file papers upon the request of counsel with little or no previous examination beyond what is necessary to ascertain the name of the case to which they relate, leaving the character and purport of them to be learned subsequently as occasion may require. We owe it to the purity and verity of our records to hold that where one recognizance has been returned by the magistrate, allowing an appeal, and duly entered upon our records, another shall not be permitted to take its place so as to have the effect of another

and different record, without the sanction of some judge of the court who is satisfied that truth and justice require it, and that the proposed amendment is in accordance with the actual facts, and truly sets forth the contract into which the parties entered. Where uncertainty has been produced as to which is the true record by the return of more than one memorandum, we do not think we can safely lay it down as a universal rule, that the clerk's filing upon the last one, *ex vi facti*, establishes that as the record of the court or the contract of the parties. We cannot admit that after having returned one memorandum of recognizance, which has regularly become of record with us, the magistrate who allowed the appeal may, of his own motion or at the instance of the attorney of one of the parties, without the permission of some member of the court, substitute another, which shall supersede the first and be entitled to superior faith and credit merely because it is the last version of the matter which he has chosen to give. Such a proceeding amounts to a correction of the records of this court, which only the court itself has the right to make.

In *Commonwealth* v. *McNeill*, 19 Pick. 127, it appears (p. 129) that the amended recognizance was ordered to be filed and recorded in the court to which it was transmitted. We readily agree that, in the absence of anything to indicate that there has been an interpolation or substitution, the clerk's filing of the recognizance is a sufficient entry of it upon our records to entitle the party interested to maintain an action upon it when final judgment in the original suit has been rendered in his favor, that it is not indispensable to the maintenance of a suit on the recognizance that it should be returned to the court at the term to which the appeal is taken, or even during the pendency of the original suit; and that no special authority from the judge is necessary to justify the filing of one such memorandum from the magistrate allowing the appeal.

So it was held in *Leathers* v. *Cooley*, 49 Maine, 337, and that is as far as the decision goes on that point. In *Stetson* v. *Corinna, ubi supra*, leave of court was asked and granted for the filing of the amended record and recognizance. It may be assumed that such leave will always be granted when it is made

to appear to a judge of the court that truth and justice require it. The necessity for such amendments when they can be truthfully made is adverted to in *State* v. *Young*, 56 Maine, 219. But the better practice is to have them made, as amendments of officer's returns are, after application to the court, setting out the nature of the amendment proposed, and giving opportunity for inquiry, and upon the consent of the judge thus procured.

In the absence of such consent or of a subsequent recognition and ratification of the amended record by some act more formal than the ordinary indorsement made by the clerk upon the filing of any paper, we cannot give effect to the questionable and equivocal return, as to a record of this court.

While we see no cause to attribute any willful breach of good practice or morals to the attorney or the magistrate in the present case, it is clear that the practice is one which would open an easy way to great abuses, and that it cannot be allowed. The plaintiff is not entitled to judgment on such a record as this.

II. Such being the conclusion, we have no occasion now to consider the other objection to the maintenance of the suit, except as it illustrates the truth of Gibson, C. J.'s remarks respecting "the remarkable inaptitude of magistrates in these matters," and the perverse propensity of most people to try how far they can deviate from the requirements of a statute without forfeiting the benefit of its provisions.

The original process was transferred by the magistrate to this court without trial because the defendant by his pleadings claimed that the title to the premises was in his lessors. The recognizance should have been conditioned simply as prescribed in R. S., c. 94, § 6, for the payment of " all intervening damages and costs and a reasonable rent for the premises." But the recognizance sued is conditioned for the payment of " all intervening costs and damages and a reasonable rent for said premises, which I, the said justice, adjudge to be at the rate of three dollars a month "—thus apparently superadding in a mutilated condition a portion of the condition of the recognizance required by § 8 to be given by a defendant in such a process upon appeal, after trial before the justice.

What the effect of inserting in these recognizances conditions other than those which are called for by the statute has been held to be, may be seen by referring to *Lane* v. *Crosby*, 42 Maine, 327. *Dennison* v. *Mason*, 36 Maine, 431. *French* v. *Snell*, 37 Maine, 100. *Owen* v. *Daniels*, 21 Maine, 180.

Whether the superfluous matter here introduced necessarily vitiates the recognizance, or might properly be rejected as surplusage, it would be useless now to inquire.

*Judgment for defendants.*

APPLETON, C. J., WALTON, DICKERSON, DANFORTH and PETERS, JJ., concurred.